MoKinnet, J.,
delivered the opinion of the Court.
The defendants in error recovered judgment by default, against the plaintiff in error, as administrator of Smith, for $204.31, to be levied de bonis testatoris. Execution issued thereon, and was returned nulla bona ; and thereupon a scire facias, issued against the administrator, *171 to show cause why the plaintiff ought not to have execution de bonis propñes, and no defense being made to the scire facias, judgment was rendered accordingly. From this judgment a writ of error was prosecuted.
We think the judgment is erroneous, for the reason that the scire facias contains no suggestion of a devas-tavit.
This is a fatal omission. It may be conceded that the judgment by default, is, in law, an admission conclusive upon the administrator that he had assets sufficient to satisfy the judgment. But the Sheriff's return of nulla bona to the fieri facias, is not conclusive upon the ad-administrator, that he had wasted the assets. The fact of a devastavit upon such a return will not be presumed as a conclusion of law. On the contrary, the administrator may show in the face of the Sheriff’s return, that there were goods of the intestate, which might have been taken in execution, and that he showed them to the Sheriff: 2 Williams on Exr., 1225; 1 Saunder’s Rep., 219, note 8; 10 Yer., 434; 1 Yer., 399.
And cases can readily be supposed, where, after a judgment, which in law amounts to a confession of assets, the goods may have been destroyed, under circumstances which will exonerate the administrator from personal liability, because not constituting a devastavit.
The judgment cannot be supported on the ground that the administrator suffered judgment to go against him on the scire facias, by default, because the scire facias contains no sufficient matter to charge him with personal liability.
The judgment will be reversed, and the case will be *172 remanded, with leave to sue out an amended writ of scire facias.